FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 OCT 31 PM 2:14
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ULYSSES MILLER, | * |
| Petitioner | * |
| v. | * Civil Action No. JKB-14-932 |
| BUREAU OF PRISONS, | * |
| Respondent | * |

\*\*\*\*\*\*

## MEMORANDUM

Petitioner, Ulysses Miller, a prisoner in the custody of the Federal Bureau of Prisons, housed at the Federal Correctional Institution in Fort Dix, New Jersey (FCI Fort Dix), filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking placement in a Residential Re-Entry Center for one year and thereafter to be placed on home confinement for six months. ECF No. 1. Respondents have responded to the petition. ECF No. 3. Petitioner has not replied despite being notified of his opportunity to do so. ECF No. 5. For the reasons that follow, the petition shall be dismissed without prejudice.

Subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where petitioner is incarcerated or in the federal district court where petitioner's custodian is located. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Petitioner is confined in Fort Dix, New Jersey, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden at FCI-Fort Dix. Therefore, this court finds that jurisdiction of the instant action lies in the District of New Jersey, not in the District of Maryland. As such, the petition shall be dismissed without prejudice.[1]

---

[1] The court declines to transfer the petition pursuant to 28 U.S.C. § 1406 as it appears that petitioner has failed to exhaust administrative remedies concerning his claims. Therefore, it is not in the interests of justice to transfer the case as petitioner's claims are without merit at this time. *See Akers v. Wattts*, 750 F. Supp. 2d 83, 93 (D.D.C. 2010).

A separate Order follows.

Oct 30, 2014
Date

James K. Bredar
James K. Bredar
United States District Judge

---

A petitioner seeking relief under § 2241 must first exhaust available administrative remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). An inmate must typically exhaust administrative remedies provided under BOP regulations prior to seeking judicial relief. *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995); *United States v. Keller*, 58 F.3d 884, 894 (2d Cir. 1995); *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991). 28 C.F.R. § 542.13 directs that an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Pursuant to 28 C.F.R. § 542.14, the deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9) obtained from institution staff, is 20 calendar days following the date on which the basis for the Request occurred. 28 C.F.R. § 542.15 governs appeals. Thus, an inmate who is not satisfied with the Warden's response may submit an appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Appeal to the General Counsel is the final administrative appeal. Federal prisoners may pursue judicial challenges to BOP conduct affecting sentencing matters under 28 U.S.C. § 2241 only after they have exhausted available administrative remedies. *See United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167, 1173-74 (3rd Cir. 1989); *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir. 1979); *Cruz v. Clark*, 684 F. Supp. 1335, 1337 (E.D. Va. 1988); *see also United States v. Wilson*, 503 U.S. 329, 331-33, 335 (1992). There is no showing that Petitioner has satisfied exhaustion requirements. ECF No. 3, Ex. 1.